# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMUALDO SANCHEZ ESPINOZA, also known as Romaldo Sanchez, also known as Romualdo Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-26-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Romualdo Sanchez Espinoza appeals as substantively unreasonable the 24-month above-Guidelines sentence he received after he pled guilty to illegal reentry after being convicted of a felony, in violation of 8 U.S.C. § 1326. We review the reasonableness of an above-Guidelines sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We examine the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

totality of the circumstances and consider whether the 18 U.S.C. § 3553(a) sentencing factors support the sentence, while giving deference to the district court's conclusion that the § 3553(a) factors justify the upward variance. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Sanchez Espinoza argues that the district court erred by giving significant weight to what he characterizes as an improper factor: the district court's impression that the advisory Guidelines range did not adequately take into account his "true criminal history." Specifically, he asserts that the district court erred by relying on convictions that were already accounted for in his Guidelines calculation and prior criminal charges that were dismissed after he pled guilty to a different charge.

The record shows that the district court considered the Guidelines range, as well as defense counsel and Sanchez Espinoza's arguments in mitigation. In imposing the sentence, the district court stated that it was varying upwardly based on Sanchez Espinoza's propensity for violent and abusive offenses, a proper consideration under § 3553(a)(1). *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Although the court relied both on his prior convictions and on prior charges which were ultimately dismissed, this court has held that a sentencing court may consider a defendant's prior criminal conduct even if it did not result in a conviction. *Id.* Additionally, as the district court noted, his extensive history of immigration violations is a factor that further supports an above-Guidelines sentence. *See id.*

No. 17-20325

Sanchez Espinoza fails to show that the district court abused its discretion by determining that a 24-month sentence was "sufficient, but not greater than necessary, to comply with the goals of [§ 3553]." 18 U.S.C. § 3553(a); *see Gall*, 552 U.S. at 51; *Smith*, 440 F.3d at 708. Accordingly, the district court's judgment is AFFIRMED.